UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XMOD INDUSTRIES, a California Corporation; MICHAEL KATSELI, an individual; and LINUS CHEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL KENNEDY, an individual and MRKT LLC, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:22-cv-11464-IT <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

December 7, 2022

TALWANI, D.J.

Plaintiffs XMOD Industries d/b/a Netvrk ("Netvrk"), Michael Katseli, and Linus Chee (collectively, "Plaintiffs") request an order authorizing alternate service of process on Defendants MRKT LLC ("MRKT") and Daniel Kennedy (collectively, "Defendants"). See Motion for Alternate Service of Process [Doc. No. 11]. For the following reasons, the Motion [Doc. No. 11] is granted in part and denied in part.

I. **Background**

As alleged in the Verified Complaint, Netvrk is a California corporation founded by Katseli and Chee, who are its Chief Technology and Chief Executive Officers, respectively. Verified Compl. ¶¶ 5-6 [Doc. No. 1]. Kennedy previously resided in Boston, Massachusetts, and upon information and belief, is the sole owner of MRKT, a limited liability company with a business address in Boston. Id. at ¶¶ 7-8. Plaintiffs allege that Kennedy converted Netvrk's money and engaged in a scheme to gain control of other Netvrk assets through fraudulent use of Netvrk's social media, marketing outlets, and partner relations. Plaintiffs assert further that since

Kennedy's termination from an independent consultant position with Netvrk on August 25, 2022, Kennedy has refused to return Netvrk's corporate records and social media logins, has published defamatory statements on social media, and has blocked Plaintiffs from communicating on social media with their users. Id. at ¶¶ 1-3.

According to the pending Motion, on August 27, 2022, Kennedy, through his attorney Omar Sharif of the law firm Tumer & Sharif, sent Plaintiffs a cease and desist letter. Mot. ¶ 5 [Doc. No. 11]. Sharif sent a follow up email to Plaintiffs' counsel on September 8, 2022. Mot. Ex. B [Doc. No. 11-2].

On September 9, 2022, Plaintiffs filed their Verified Complaint [Doc. No. 1] seeking a declaratory judgment, injunction, and damages. The same day, Plaintiffs' attorneys emailed a copy of the Verified Complaint to Attorney Sharif. See Mot. ¶ 7 [Doc. No. 11]; Mot. Ex. C 3-4 [Doc. No. 11-3]. Plaintiffs' counsel asked Sharif whether he would accept service on behalf of Defendants. Mot. Ex C 3 [Doc. No. 11-3]. Sharif responded that his firm would not be accepting service and asked if Plaintiffs' counsel would be accepting service for "the labor and defamation claims that will be brought." Id. In response, Plaintiffs' attorney asked if Sharif planned to represent Kennedy in the current action, and if not, to provide Kennedy's or his attorney's contact information. Id. at 2. Plaintiff's attorney also asserted that the chain of emails "certainly provides adequate notice to you and your client of this lawsuit and the need for emergency injunctive relief absent an agreement between the parties," and asked for confirmation that Sharif provided a copy of the Verified Complaint to Kennedy. Id.

On September 14, 2022, Sharif responded that he only represented Kennedy "in a limited capacity as I cannot respond in Massachusetts" and that Kennedy's attorneys would be in touch. Mot. Ex. D 2 [Doc. No. 11-4]. He stated that he did not know who was representing Defendants,

2

but that he had been authorized to provide Plaintiffs with passwords to various social media platforms, but that it was "the extent of [his] representation." Id.

Plaintiffs state that they regularly communicated with Kennedy through the applications Telegram and Discord while Kennedy was an independent consultant, and that Kennedy did not provide Plaintiffs with his mailing address, personal email address, or phone number. Mot ¶ 13 [Doc. No. 11]. Plaintiffs did receive an address for MRKT in Boston at the start of the relationship, and Plaintiffs attempted to serve Defendants through a process server at that address. Id. at ¶¶ 10, 15; Mot. Ex E [Doc. No. 11-5]. The process server discovered that neither Defendant was located at that address. Mot. Ex. E [Doc. No. 11-5]. Plaintiffs' process server also attempted service on October 8, 2022, and October 10, 2022, at an address for Kennedy in North Carolina, but the process server was unable to locate Defendants. Mot. Ex. F [Doc. No. 11-6]. On November 1, 2022, Plaintiffs filed the pending Motion [Doc. No. 11], seeking an order approving alternate service of process on Defendants by electronic mail to Attorney Sharif and through Telegram and Discord messaging services.

**II.    Discussion**

Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Under the federal rules, an individual within a judicial district of the United States can be served in accordance with state law where the court is located or where service is made, by personal delivery, by delivery at the individual's usual place of abode, or by delivery to an agent authorized to receive service. Fed. R. Civ. P. 4(e). Under Massachusetts law, if service is unsuccessful "after diligent search… the

3

court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Mass. R. Civ. P. 4(d)(1), (2).

Here, Plaintiffs have alleged that they are unable to locate or contact Defendants. According to the Motion [Doc. No. 11], they have attempted to obtain contact information for Kennedy and his attorney, asked Sharif for waiver of service of process, and attempted to serve Defendants in two different states using a process server. However, Plaintiffs do not claim that they have tried to serve MRKT, a Delaware company, through its registered agent for service of process. Nor do they claim to have done additional research into MRKT's location other than attempted service to the address MRKT provided. At present, Plaintiffs' attempts to serve MRKT are not sufficiently diligent to warrant alternate service upon the company.

In contrast, where Plaintiffs have diligently sought to locate Kennedy, without success, as described above, and Kennedy is an individual without a registered agent for service of process, service by alternate means is appropriate. Courts have authorized alternate service of process by email where the parties had regularly used email to communicate in the past. See e.g., Swenson v. Mobilityless, LLC, 2020 WL 2404835, at *2 (D. Mass. May 12, 2020) (authorizing service by email and phone); Jackson Lab'y v. Nanjing Univ., 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (authorizing service by email because "when a form of communication has previously been utilized successfully by the parties, it remains a proper channel for service of process."); Sec. & Exch. Comm'n v. Marvel Partners, 2008 WL 11511616, at *2 (D. Mass. Dec. 22, 2008) (authorizing service by email when "email is the only means of communication the defendants are known to have used."). Plaintiffs state that they only communicated with Kennedy through Telegram and Discord, which are semi-private messaging applications that allow users to send messages, files, and audio to other users. Based on this communication history between the

parties, the court finds that service to Kennedy via his private Telegram and Discord accounts is appropriate under the circumstances.

Finally, the court declines to order alternate service on Defendants via Attorney Sharif. While an agent may have authority to accept process, "'[t]o find an implied agency, courts look at all the circumstances under which the defendant appointed the attorney to measure the extent of the authority that the client intended to confer.'" In re Century Elecs. Mfg., Inc., 284 B.R. 11, 19 (Bankr. D. Mass. 2002) (quoting In re Ms. Interpret, 222 B.R. 409, 416 (S.D.N.Y.1998)). Here, Sharif communicated to Plaintiffs' counsel that he did not have actual or implied authority to accept service, and that he did not know who was representing Defendants in the instant case. As such, where Sharif does not have explicit or implied authority to accept service on behalf of Defendants, Plaintiffs may not effectuate service on Defendants via Sharif.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Alternate Service of Process [Doc. No. 11] is DENIED as to MRKT and DENIED IN PART and GRANTED IN PART as to service on Kennedy. Plaintiffs may serve Kennedy by privately message him a copy of the Verified Complaint [Doc. No 1] and Summons [Doc. No. 5], as well as a copy of this Order, via a direct message to the Telegram and Discord handles listed in Plaintiffs' Motion [Doc. No. 11]. Plaintiffs may not serve process on Defendants by electronic mail to Sharif but shall provide a copy of this Order to Attorney Sharif by electronic mail. The court requests Attorney Sharif to promptly forward a copy of this Order to the Defendants.

IT IS SO ORDERED

December 7, 2022 /s/ Indira Talwani
United States District Judge