UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XMOD INDUSTRIES, a California Corporation, MICHAEL KATSELI, an individual and LINUS CHEE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL KENNEDY, an individual, and MRKT LLC,<br><br>Defendants. | No. 1:22-cv-11464 |

## PLAINTIFFS' COMBINED MOTION TO DEEM DEFENDANT DANIEL KENNEDY SERVED AND FOR DEFAULT JUDGMENT AGAINST DANIEL KENNEDY AND MARKET, LLC

Plaintiffs, XMOD Industries, Michael Katseli, and Linus Chee (collectively, "Plaintiffs"), hereby submits its Motion to Deem Defendant, Daniel Kennedy ("Kennedy") served effective December 13, 2022 and for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55 against Daniel Kennedy and MRKT, LLC. As grounds for this Motion Plaintiffs state:

1. On September 9, 2022, Plaintiffs filed their Verified Complaint against Defendants seeking the turnover of corporate assets, breach of fiduciary duty, conversion, defamation per se, and unjust enrichment. Specifically, Plaintiffs alleged that Defendants converted $564,000 from Netvrk to his own personal digital wallet.

2. On December 7, 2022, this Court entered an order on Plaintiffs' Motion for Alternate Service of Process ("Motion") (Dkt. No. 11), granting the Motion in part, and denying the Motion in part (the "December 7 Order"). (Dkt. No. 12.)

1

Case 1:22-cv-11464-IT   Document 13   Filed 01/05/23   Page 2 of 5

3. Pursuant to the December 7 Order, this Court held that Plaintiffs may serve Kennedy by privately messaging him a copy of the Verified Complaint, Summons, and December 7 Order (collectively, the "Service Documents") via a direct message to the Telegram and Discord handles listed in Plaintiffs' Motion.

4. The Court also held that while Plaintiffs may not serve process on Defendants by electronic mail to the attorney Omar Sharif ("Mr. Sharif"), Plaintiffs must provide a copy of the December 7 Order to Mr. Sharif by electronic mail. The Court requested Mr. Sharif to forward of a copy of the December 7 Order to the Defendants.

5. On December 7, 2022, Plaintiffs' counsel emailed a copy of the December 7 Order and requested that Mr. Sharif confirm receipt of the email and forwarding to the Defendants per the Court's direction. A copy of Ms. Mintzer's December 7, 2022 email is attached hereto as **Exhibit A**.

6. On December 8, 2022, Plaintiffs attempted to send the Service Documents to Kennedy via the Telegram and Discord handles listed in Plaintiffs' Motion. Plaintiffs, however, learned that Kennedy's Telegram and Discord accounts were both recently deleted.

7. Upon further inquiry, Plaintiffs' Community Manager, Johan Dahlstrom ("Mr. Dahlstrom"), confirmed that both accounts were deleted. Mr. Dahlstrom, stated that Kennedy's Telegram account was active a few days prior to the December 8 service attempt. The Declaration of Mr. Dahlstrom is attached hereto as **Exhibit B**.

8. Given the suspicious timing of the deletion of Kennedy's Telegram and Discord accounts, Plaintiffs believe that Mr. Sharif informed Kennedy of the December 7 Order, and Kennedy, in turn, deleted his accounts in order to avoid service of process.

9. On December 13, 2022, Plaintiffs' counsel, David Lopez-Kurtz directly messaged Kennedy via LinkedIn and sent him a copy of the Summons, Verified Complaint, and December 7 Order. A copy of the December 13 LinkedIn message is attached hereto as **Exhibit C**. The LinkedIn account represents that Kennedy was the Chief Executive Officer at Netvrk and is currently active. Plaintiffs have previously communicated with Kennedy on his LinkedIn account.

10. On December 19, 2022, Plaintiffs were notified that Kennedy's Discord account was back online under a different name, T2 #2225 (the "Reactivated Account"). The Discord account reflects that the account has been active since January 2021. Screenshots of the chat history for the Reactivated Account are attached hereto as **Group Exhibit D**. The screenshots of the chat history show prior conversions with Kennedy, and confirm that the Reactivated Account is owned and/or controlled by Kennedy (*See* Ex. D, page 7, where reference to the name Dan is made). On December 19, 2022, Plaintiffs directly messaged Mr. Kennedy's Reactivated Account with copies of the Verified Complaint, Summons, and December 7 Order. A screenshot reflecting service of the foregoing documents is attached hereto as **Exhibit E**.

11. On December 19, 2022, Mr. Sharif responded to Ms. Mintzer's email stating that he "received the email and forwarded it to Mr. Kennedy to the best of my ability."

12. On December 29, 2022, Plaintiffs learned that Kennedy deleted his Reactivated Account after his receipt of the Verified Complaint, Summons, and December 7 Order. A screenshot reflecting the deleted account is attached hereto as **Exhibit F**.

13. Accordingly, Plaintiffs request that this Court enter an order deeming service of process on Kennedy effective as of December 13, 2022.

14. On December 13, 2022, Plaintiffs served MRKT, LLC's registered agent. The affidavit of service is attached hereto as **Exhibit G**.

15. Pursuant to Federal Rule of Civil Procedure 12, Defendants had 21 days, until January 3, 2023 to answer or otherwise respond to Plaintiffs' Complaint.

16. Federal Rule of Civil Procedure 55(b) permits parties to apply to the Court for a judgment of default against a party where that party has otherwise failed to plead or otherwise defendant. This Court should grant a default judgment against Defendants and in favor of Plaintiffs in the amount of $564,000, as Defendants have failed to plead or otherwise defend against the claims asserted by Plaintiffs.

WHEREFORE, Plaintiffs XMOD Industries, Michael Katseli, and Linus Chee request this Court enter an order deeming service of process on Kennedy effective as of December 13, 2022, and that the Court enter a default judgment in Plaintiffs' favor and against Defendants, Daniel Kennedy and MRKT, LLC, for $564,000 plus post-judgment interest, and for any other relief this Court deems just.

Dated:  January 5, 2023                    Respectfully submitted,

**XMOD Industries, Michael Katseli, and Linus Chee,**

**By Their Attorneys,**

*/s/ Christine L. Cocheteux*
Christine L. Cocheteux, Esq.
Christine.Cocheteux@dinsmore.com
Dinsmore & Shohl, LLP
101 Arch Street
Boston, MA 02110
Telephone: (857) 305-6400
*Attorney for Plaintiffs*

and

Matthew C. Wasserman, Esq. (*pro hac vice*)
Rebekah S. Mintzer, Esq. (*pro hac vice*)
Dinsmore & Shohl LLP
222 W. Adams, Suite 3400
Chicago, IL 60606
(312) 837-4316
matthew.wasserman@dinsmore.com
rebekah.mintzer@dinsmore.com

## LOCAL RULE 7.1 CERTIFICATION

I, Matthew C. Wasserman, counsel for the plaintiffs in the above captioned matter, hereby certify that, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court of Massachusetts, I have attempted in good faith to resolve or narrow the issues of this motion. I further certify that the Defendants in this civil action have not yet filed an appearance in this matter and accordingly, there has not been an opportunity to confer in good faith directly with the Defendants to narrow or resolve the issues presented.